## F. B. POSEY v. THE STATE.

No. 18584.    Delivered February 24, 1937.
Rehearing Denied April 14, 1937.

The opinion states the case.

*Hamilton & Fitzgerald,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, two years in the penitentiary.

This case must be reversed for the error of the trial court in admitting, over proper objection, oral proof of the fact that the building burned and the furniture in same were insured by the owner, L. D. Pierce. The objection was that the policies themselves were the best evidence. There was no predicate laid for secondary evidence of the facts and contents of the policies. It was not claimed that said policies were lost, or out of the State, or in the hands of the adverse party who had been given proper notice to produce same. This court has often passed on the very question.

In the court's charge the jury were told that if they had a reasonable doubt as to the fact that a conspiracy to burn said house was entered into by and between appellant and L. D. Pierce before the house was burned,—then they should not consider any of the acts and statements of Pierce testified to by Frankie Ewey for any purpose. It was in testimony that on the day preceding the night of the fire L. D. Pierce, the owner of the burned house, came to same, and did and said various things testified to by Frankie Ewey, who was a servant at said house, the manifest purpose of the State being to show that Pierce was removing property from the house, and was doing other acts reasonably appearing to be a part of a conspiracy between him and the appellant, who was present at the time of the burning of the house that night. We think the charge given not subject to exception. The jury were also told that they could not consider the acts and declarations of Pierce alone, if any, in determining whether there was a conspiracy entered into between Pierce and appellant. Such charge might easily mislead. Clearly the jury could not determine the issue of conspiracy from consideration only of the acts and declarations of Pierce; but they might consider the acts and declarations of both or all of the alleged conspirators,—and the charge should not be so worded as to leave the inference that the acts of the several alleged conspirators, when separate and apart each from the other, could not be looked to and given weight in determining such issue.

Conspirators are but partners in crime, and each may be working to the common end,—his acts and declarations be so plainly in pursuance of the common plan and agreement as to leave no doubt as to their unity in purpose,—and yet each may be doing his part physically separate and apart from some or all of the others of such conspiracy. If it so reasonably appear

when proof thereof is offered, it should be admitted subject always to the proposition that the trial court should tell the jury, as was substantially done here, that unless they found and believed, beyond a reasonable doubt, that there was such conspiracy, they could not consider as against the party on trial the acts and declarations of his alleged co-conspirators not done and said in the presence and hearing of the one on trial.

In Stevens v. State, 88 S. W. (2d) 713, we made too broad a statement when we said:

"The court should also have in connection therewith instructed the jury that the acts and declarations of May in the absence of the appellant could not be used by them as evidence to show the existence of a conspiracy between the appellant and May."

As a matter of fact, under the law the acts and declarations of co-conspirators, in the absence of their partners, must in most cases be the means of showing the conspiracy. The case of Loggins v. State, 8 Texas Crim. App., 434, quoted from in the opinion in the Stevens case, supra,—clearly sustains our proposition. It appears in the part quoted that the matter must be first addressed to the trial court, who should then submit the issue to the jury, telling them to disregard such evidence if the conspiracy is not established.

The Anderson case, 87 Texas Crim. Rep., 641, cited in the Stevens opinion, supra, makes the mistake of going back to the confused proposition laid down in some cases where this court, being itself in doubt as to the sufficiency of the testimony to show a conspiracy, undertook to say that because in its opinion there was not enough evidence to show a conspiracy, it was error to admit certain acts and declarations offered on the trial for the purpose of such establishment. If the questions asked by the alleged co-conspirator,—in the Anderson case, supra, were of such nature as to lend support to the theory that he was then acting in pursuance of the common design of himself and Anderson, they were admissible. Certainly, the trial court, having led them in so believing, was not himself called on to determine further their weight, etc., but he should have left this to the jury. The Anderson case cited the Roebuck case, 85 Texas Crim. Rep., 524. In both the Anderson and Roebuck cases the facts were held by this court insufficient to show guilt, and manifestly would for the same reasons be deemed insufficient to show conspiracy.

Neither the Dobbs case, 51 Texas Crim. Rep., 113, nor the Harris case, 31 Texas Crim. Rep., 411, nor the Stevens case,

42 Texas Crim. Rep., 154, nor the Chapman case, 45 Texas Crim. Rep., 479, cited in said opinion, support the broad statement above referred to.

We again say that it was proper for the court in the instant case to admit evidence of the acts and declarations of Pierce to and in the presence of Frankie Ewey, on the day and before the night of the alleged arson, and also to admit evidence of any other pertinent acts and declarations of Pierce which had logical connection and weight as showing that the fire was the result of a conspiracy between him and appellant,—provided it was also the duty of the trial court to tell the jury to disregard such evidence, unless they believed beyond a reasonable doubt that a conspiracy was shown to exist and be in force at the time of the alleged arson.

For the error hereinabove referred to the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant agrees that we were correct in reversing the judgment for the reasons assigned, but urges that we were in error in holding the evidence sufficient to authorize the submission of the issue of conspiracy between appellant and Pierce, and that a finding of the existence of such conspiracy would render admissible certain acts and declarations of Pierce.

Upon our present understanding of the record, we are inclined to adhere to the conclusions reached originally. The motion to modify our opinion in the particular mentioned is overruled.

*Overruled.*